Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ian H. Levin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7709 | **DATE** | 11/13/2001 |
| **CASE TITLE** | Jackson vs. Apfel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter memorandum opinion and order on plaintiff's motion for summary judgment [21-1]. Plaintiff's motion for summary judgment is granted insofar as it requests a remand of the ALJ's decision. Defendant's cross motion for summary judgment [25-1] is denied. The cause is hereby remanded to the Commissioner of Social Security for further proceedings consistent with the opinion. Judgment is entered pursuant to Rule 58 F.R.C.P.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 16 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | cm | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 NOV 15 PM 4:01 | 11/13/2001 | |
| | | | date mailed notice | |
| SM courtroom deputy's initials | | Date/time received in central Clerk's Office | SM mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
NOV 1 6 2001

MARTINA Y. JACKSON, )
)
Plaintiff, )
)
v. ) Case No. 98 C 7709
)
LARRY G. MASSANARI, Acting ) Magistrate Judge Ian H. Levin
Commissioner of the Social Security )
Administration, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Martina Jackson ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to review a final decision of the Commissioner (the "Commissioner") of the Social Security Administration denying her application for Social Security Insurance ("SSI") disability benefits under Title XVI of the Social Security Act (the "Act"). For the reasons set forth below, the court remands the cause for proceedings consistent with this opinion.

## STATEMENT OF THE CASE AND FACTS

The background and case facts are, essentially, not in dispute. See Plaintiff's memorandum, pp. 1-9, and Defendant's memorandum, pp. 2-6, both of which are thus incorporated herein by reference.

## STATUTORY AND REGULATORY FRAMEWORK

To receive disability benefits, a SSI or DIB claimant must be "disabled" as defined by the Social Security Act. *See* 42 U.S.C.§ 423(a)(1)(D); 42 U.S.C. § 1382(a); *Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993). An individual is "disabled" if he is unable "to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). *See also Jones v. Shalala*, 10 F.3d 522, 523-24 (7th Cir. 1993). To satisfy this definition, an individual must have a severe impairment that renders him unable to do his previous work or any other substantial gainful activity that exists in the national economy. *See* 20 C.F.R. § 404.1505(a).

The Social Security regulations delineate a five-step process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 404.1520. The ALJ first considers whether the claimant is presently employed or "engaged in substantial gainful activity." 20 C.F.R. § 404.1520(b). If he is, the claimant is not disabled and the evaluation process is over; if he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments which "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. Pt. 404, Subpt. P, App.1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. *See Brewer*, 103 F.3d at 1391.

If the impairment does not so limit the claimant's remaining capabilities, the fourth step is that the ALJ reviews the claimant's "residual functional capacity ("RFC") and the physical and mental demands of his past work. RFC is a measure of what an individual can do despite the limitations imposed by his impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). *See also* Social Security Ruling 96-8p (1996). If the claimant can perform his past relevant work, he will be found not disabled. *See* 20 C.F.R. § 404.1520(e).

For the fifth step, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant -- in light of his age, education, job experience and functional capacity to work -- is capable of performing other work and that such work exists in the national economy. *See* 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f). *See also Brewer*, 103 F.3d at 1391. Step 2 of the requisite sequential analysis requires a determination of whether the claimant has a "severe" impairment or impairments. If the impairment is "severe" then the combined effect of all of the "severe" impairments must be considered, at Step 3, in assessing the claimant's residual functional capacity.

## THE ALJ's DECISION

The Administrative Law Judge ("ALJ") found that Plaintiff had not engaged in substantial gainful activity since 1996. (R. 177.) The ALJ found that the medical evidence establishes that Plaintiff has visual, mental[1], and orthopedic impairments that are severe, including a polysubstance addiction disorder that meets Listing 12.09, Appendix 1, Subpart P, Regulations No. 16. With the exception of Plaintiff's polysubstance addiction disorder, the ALJ found, however, that Plaintiff does not have an impairment, or combination of impairments, that meets or equals in severity any impairment listed in Appendix 1, Subpart P, Regulations No. 16. The ALJ, then, determined that Plaintiff has the residual functional mental capacity to perform simple, unskilled tasks and has the physical ability to lift up to twenty pounds occasionally and carry up to ten pounds frequently (except for those jobs requiring binocular vision.) (R. 177.) The ALJ concluded that, in relying on the

---

[1] In the Evaluation of the Evidence section of the ALJ's opinion, the ALJ found that Plaintiff was limited "mentally when abusing substances." (R. 173.)

3

Medical-Vocational Guidelines Rules 202.17 to 202.20, Table 2 of Appendix 2 of Subpart P, Plaintiff can perform a significant number of jobs given her residual functional capacity and vocational profile. (R. 177-78.)

Accordingly, the ALJ ruled that Plaintiff was not disabled under the terms of the Act.

## DISCUSSION AND ANALYSIS

Plaintiff's primary argument is that the ALJ erred in not considering Plaintiff's mental impairment(s) as a severe impairments(s) under Step 2 (and consequently, also at Step 3) of the requisite sequential disability analysis. Pl.'s Mem. at 10-11. The Court agrees.

A disability claimant can be considered as not suffering from a severe impairment only if the impairment is a slight abnormality having only a minimal effect on a person's ability to perform the full range of work-related activities. *Anthony v. Sullivan*, 954 F.2d 289 (5th Cir. 1992); *see also McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118 (1st Cir. 1986); *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985).

Stated otherwise, a "severe" impairment is any medically determinable impairment that would interfere with a person's ability to perform the full range of exertional and non-exertional work-related activities.

The record establishes that Plaintiff has a significant history of serious psychological impairments. Plaintiff has been repeatedly diagnosed by numerous health care professionals as having severe psychological impairments. While the court finds that the diagnoses have varied to some degree, there have been fairly consistent diagnoses of major depression (R. 359, 361, 380, 449, 452) as well as diagnoses of panic disorder, post-traumatic stress disorder, personality disorder, and possible schizophrenia (R. 361, 363, 364, 368, 438, 449). Plaintiff has received medical treatment,

including the administration of psychiatric medication for anxiety and depression. (R. 361, 364, 367, 380, 433, 452, 453).

As part of her "mental impairments as a severe impairment" argument, Plaintiff maintains that the ALJ erred in concluding that Plaintiff's mental impairments were present, or caused significant limitations only as a result of Plaintiff's polysubstance addiction. Pl.'s Mem. at 11. The record supports this claim of Plaintiff, in that, with the possible exception of Dr. Hilger[2], at least six other treating and examining mental health professionals did not indicate Plaintiff's mental impairments as being dependent on her polysubstance addiction.

For example, on May 11, 1998, Dr. Boddapati performed an independent psychiatric evaluation and diagnosed Plaintiff with a major, depressive disorder (recurrent) and panic disorder with agoraphobia. (R. 432-33.) *See* Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Associations, Sections 296.32 and 300.21 (4th ed. 1994) (DSM IV). Dr. Devassy noted a history of past alcohol dependence, but diagnosed Plaintiff with depression. (R.359.) Similarly, the Will County Health Department noted the history of substance abuse, but diagnosed major depression, recurrent. (R. 452.) Treating professionals there prescribed medication and recommended counseling for Plaintiff. (R. 452, 453.) The Choice Program diagnosed Plaintiff with panic attacks, post-traumatic stress disorder, and schizophrenia and treated her, with medication and counseling. (R. 363-68.) Dr. Guschwan diagnosed major depression, recurrent, and post-traumatic stress disorder, in addition to substance dependence. (R. 361.) He recommended medication and psychotherapy. (R. 361.) In fact, Dr. Guschwan regarded Plaintiff as having used

---

[2]Even Dr. Hilger did not directly relate Plaintiff's mental condition to her polysubstance addiction. Rather, he speculated that Plaintiff was continuing to use drugs and alcohol, and diagnosed Plaintiff as having a personality disorder. (R. 438-39.)

5

drugs as a form of self-medicating for depression and anxiety (R. 361), thus suggesting his view that the depression and anxiety were independent, and primary impairments.

The Seventh Circuit has held that an ALJ may not "play doctor and make [his] own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). The Court finds, respectfully, that the ALJ reached his own conclusion, one that was not supported by the record, when he found that Plaintiff's mental impairments were present and serious only when she was using drugs and alcohol.

It further bears noting, as Plaintiff argued, that the ALJ erred in failing to follow the proper sequential evaluation. Specifically, the ALJ improperly considered the impact of Plaintiff's polysubstance addiction prior to rather than subsequent to determining whether Plaintiff was disabled. Pl.'s Mem. at 13.

As Plaintiff essentially argues, the applicable regulations implicitly require the ALJ to first determine if a claimant is disabled. Then, if the claimant is found to be disabled, the ALJ is to determine if the claimant's polysubstance addiction is a contributing factor material to the ALJ's disability determination. 20 C.F.R. §§ 404.1535(a); 416.935(a). Therefore, the inquiry regarding a claimant's polysubstance addiction, implicitly, is to be made after the other steps of the sequential evaluation process have been completed. *Id.*

## CONCLUSION[3]

Based on the foregoing, the ALJ's denial decision is not supported by substantial evidence. Accordingly, Plaintiff's motion for Summary Judgment is granted insofar as a remand is requested

---

[3]In view of the Court's ruling herein, it is deemed unnecessary to consider Plaintiff's and Defendant's other arguments. Both parties can present their positions on these arguments to the ALJ upon remand.

6

and Defendant's cross-motion for Summary Judgment is denied. The cause is remanded to the Commissioner for further proceedings consistent with this opinion.[4]

ENTER:

*/s/ Ian H. Levin*

IAN H. LEVIN
**United States Magistrate Judge**

Dated: November 13, 2001

---

[4]Upon remand, *inter alia*, if and when such stage is reached, both parties should be given the opportunity to develop the record further as to whether the Plaintiff's polysubstance addiction is a contributing factor material to any determination of disability. 20 C.F.R. §§ 404.1535(a); 416.935(a). "The key factor . . . in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether [the ALJ] would still find you disabled if you stopped using drugs or alcohol." *Id. See Davis v. Chater*, 952 F.Supp. 561, 567 (N.D.Ill. 1996).